UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GALVAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF LA HABRA, a governmental entity, OFFICER JASON SANCHEZ, and individual, and DOES 1 through 10 inclusive,<br><br>    Defendants. | No. SACV 12-2103 JGB (JPRx)<br><br>Honorable Jesus G. Bernal<br><br>**PROTECTIVE ORDER REGARDING POLICE OFFICER PERSONNEL RECORDS** |

Pursuant to the Parties' Stipulation filed on June 20, 2013, IT IS HEREBY ORDERED AS FOLLOWS:

**I.    Scope**

This Protective Order shall govern the personnel records of Officer Jason Sanchez, or records pertaining to Officer Jason Sanchez as defined by California Penal Code §§ 832.5, 832.7 and/or 832.8, that are in the possession of the City of La Habra or in the possession of any other public entity. This Protective Order shall govern all documents, or information therefrom, produced or disclosed in this Action by one party (the "Designating Party") to the other party (the "Receiving Party").

///

///

**II.   Confidential Information**

    A.    "Confidential Information" means:

        1.    Any information contained in a document that is stamped with "Confidential" or "Confidential - Subject to Protective Order," which is defined in Section III.A. below; or

        2.    Any information contained in a document that is stamped with "Confidential - Attorney's Eyes Only," which is defined by Section III.B. below. For the specific purposes of this Stipulation, all documents provided by way of this Protective Order dealing with peace officer personnel files will be designated as "Confidential - Attorney's Eyes Only" as described in Section VIII.B. below.

    B.    "Confidential," "Confidential - Subject to a Protective Order," or "Confidential - Attorney's Eyes Only" shall be stamped on only those portions and/or pages of discovery that qualify as confidential pursuant to this stipulation.

**III.   Permissible Disclosure of Confidential Information**

    A.    "Confidential" Information

        1.    Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential" or "Confidential - Subject to Protective Order" to the following people:

            a.    Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

            b.    Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

            c.    The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

/ / /

        d.      Any outside consultant to expert (and any employees thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

        e.      Subject to Sections IV.C., IV.D., and IV.E., any witness during a deposition.

  B.    "Confidential Information - Attorney's Eyes Only"

      1.    Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential - Attorney's Eyes Only" to the following people:

        a.      Attorneys, paralegals, stenographic and clerical staff employed by such counsel;

        b.      The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

        c.      Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

        d.      Any outside consultant or expert whether formally retained or not; and

        e.      Subject to Sections IV.C., IV.D., and IV.E., any witness during a deposition.

      2.    In the event the Plaintiff's relationship with his attorney terminates and he is in a "pro per" status, all "Confidential - Attorney's Eyes Only" materials shall be immediately returned to the Designating Party from the Receiving Party and, in no event, shall copies of that material be provided to the Plaintiff without a court order.

///

      C.    If the Receiving Party provides Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective Order, which he or she shall read. Upon reading the Protective Order, such person shall sign a Certification, the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms. The Receiving Party shall retain all executed Certifications until the end of the instant litigation and shall provide a copy of the executed Certifications to the Designating Party within ten (10) days of request. The Court and its personnel may, however, view any confidential information without having to sign the Certification as defined by this Section.

      D.    The instant litigation is at an end when:

          1.    A final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice;

          2.    The time for any objection to or request for reconsideration of such a judgment or dismissal has expired;

          3.    All available appeals have concluded or the time for such appeals has expired; and

          4.    Any post appeal proceedings have themselves concluded.

## IV. Use of Confidential Information

      A.    Confidential Information shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal. No person to whom this information is disclosed shall cause or permit it to be used for any other purpose.

      B.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its client with respect to this Action and, in the course thereof, relying upon Confidential Information provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information other than in a manner provided for in the Protective Order.

C.  If Confidential Information is used, in any depositions taken in this matter, only those portions of the depositions that qualify for protection under the Federal Rules of Civil Procedure, Rule 26(c) should be designated for protection. The portion of the original transcript of the deposition, and all copies thereof shall be stamped "Confidential - Subject to Protective Order" or "Confidential - Attorney's Eyes Only" depending on the nature of the Confidential Information used. If any portions of the deposition transcript and/or video or audio versions of the depositions containing Confidential Information, or references thereto, are filed with the Court, it shall be done in compliance with Section VII.A. of the Protective Order.

D.  A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audiotape and/or videotape of said deposition shall be subject to the Protective Order. A copy of the Protective Order shall be attached as an exhibit to said audiotape and/or video tape and the court videographers shall be subject to the Protective Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record. Any audiotape shall similarly be subject to the Protective Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

E.  Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Documents or Confidential Information therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographers, if any, and any of the named parties in this action. In the event that Confidential Information marked "Attorney's

Eyes Only" is to be used in the deposition, then the receiving party or parties shall be excluded from the deposition; however, counsel for the receiving party or parties shall continue to be permitted. Those attending any depositions using Confidential Documents shall not disclose to any person or entity not otherwise entitled to the Confidential Information, in any manner, including orally, any statements made by the deponents during the course of said depositions referencing Confidential Information, and any such disclosure shall be construed as a violation of the Protective Order.

**V.     Protection of Confidential Information**

A.     Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order.

B.     Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the original Designating Party so as to afford the original Designating Party an opportunity to obtain an order barring the production or other disclosure of Confidential Information. Upon receiving such notice, the original Designating Party shall bear the burden of opposing, if it deems appropriate the subpoena or request for production; however, the Receiving Party shall bear the costs and the attorneys fees of the Designating Party in the event the Receiving Party is still in possession of the materials after such time as the documents should have been returned or destroyed as detailed in Paragraph 14 below. In no event should production or disclosure be made without written approval by the original Designating Party unless required by Court order arising from a motion to compel production or disclosure of Confidential Information. Additionally, nothing in the Protective Order should be construed to excuse any party from obeying a lawfully issued subpoena or process.

/ / /

      C.      No more than thirty (30) calendar days after the end of litigation (as defined *infra* in Paragraph 6) in the instant case, the Receiving Party, and every other person and/or entity who received Confidential Information shall (1) destroy such documents and any copies thereof and provide written notification of such destruction to the producing party or (2) return such documents and any copies thereof to the producing party.

## VI.    Challenges to Designation

Any party may object to the propriety of the designation of Confidential Information by serving a written Objection to the designation in accordance with Local Rule 37-1.  The objecting party must do so sufficiently in advance of the discovery cut-off date to permit compliance with Local Rule 37 in noticing a motion regarding the confidentiality designation for hearing prior to the discovery cut-off date.  All subsequent proceedings related to such a challenge will be in accordance with Local Rules 37-1 and 37-2.  The burden of proof to demonstrate confidential treatment of any information at all times shall remain with the Designating Party.

## VII.    Filing Confidential Information in Court Records

      A.      Procedure for the Submission of Confidential Information into Court records - The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information:

            1.      For all pretrial discovery and non-discovery related motions, memorandum of law, certification, exhibit annexed thereto that contained Confidential Information shall be filed in accordance with Local Rule 79-5 by placing the original and judge's copy of the document in sealed separate envelopes with a copy of the title page attached to the front of each envelope.  Conformed copies need not be placed in sealed envelopes.  Confidential material to be placed under seal, shall not be electronically filed but shall be

                    filed manually in the matter prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying material being manually filed.

        2.     The provisions of the Protective Order do not apply to nondiscovery motions, memoranda, certifications, or exhibits submitted to the Court. It is understood by the Parties that the Court issuing the Protective Order is not binding any future presiding judicial officer to certain procedures. Rather, the Parties understand that they shall take up with the future presiding judicial officer at an appropriate time how confidential information will be handled in filings, during court proceedings and after trial.

    B.     Nothing herein shall prejudice any parties' rights to object to the introduction of any Confidential Information into evidence, on grounds, including, but not limited to, relevance and privilege.

## VIII. Miscellaneous Provisions

    A.     It is expressly understood by and between the parties that, in producing Confidential Information in this litigation, the parties are relying upon the terms and conditions of the Protective Order.

    B.     It is expressly understood by and between the parties, and stipulated thereto, that only those portions of documents or information originating out of any personnel file, as defined by California Penal Code §§ 832.5, 832.7 and 832.8, of Defendant Officer Jason Sanchez, or any other City of La Habra Police Officer, will be designated as "Confidential - Attorney's Eyes Only."

    C.     It is expressly understood by and between the parties, and stipulated thereto, that the relevant time period for any documents or information therefrom originating out of any personnel file will be from the date of the event to five (5) years before the event as directed by California Evidence Code § 1045(b)(1), or from

August 26, 2006 to August 25, 2011.

D. It is expressly understood by and between the parties, and stipulated thereto, that any documents or information originating out of any personnel file, as defined by California Penal Code §§ 832.5, 832.7 and 832.8, of Defendant Officer Jason Sanchez, or any other City of La Habra Police Officer, will include the following documents, without any suggestion that these documents exist at all and with any personal information such as address, phone numbers, social security numbers, etc., redacted:

1. Any signed acknowledgment of receipt of employment handbook and/or police department policies and procedures;
2. Departmental records of firearms training;
3. All promotion and demotion documents, if any;
4. All documents evidencing a change in the rate of pay;
5. All TASER training documents, if any;
6. All documents evidencing the firearm and bullets distributed to the officer, if any;
7. Officer Sanchez' offer of employment letter;
8. La Habra P.D. Payroll Sheet for Officer Jason Sanchez for pay period August 13, 2011 to August 26, 2011;
9. Any documents identifying any commendations or awards; and
10. Any documents identifying the nature, extent and conclusion of any internal investigations of any incidents.

E. The Parties make no concessions as to the admissibility of such information or documents disclosed by way of this Order and reserve the right to seek exclusion of any such information or documents or their existence either *in limine* or during trial.

/ / /

/ / /

1       F.    No amendment or modification, as agreed to between the parties, shall have the force or effect of the Protective Order unless the Court approves it. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Case.

IT IS SO ORDERED:

Dated: July 8, 2013

_____
Honorable Jean P. Rosenbluth
United States Magistrate Judge
Central District of California

# EXHIBIT A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, *Galvan v. City of La Habra*, Case No SACV 12-2103 JGB (JPRx), and hereby agree to comply with and be bound by the terms and conditions of the said Protective Order with respect to the handling, use and disclosure of each Confidential Document. I hereby consent to the jurisdiction of said Court for purposes of enforcing this non-disclosure Protective Order.

Dated: _____     Signature: _____

                                                    Print Name: _____