# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GALVAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LA HABRA, a governmental entity; OFFICER JASON SANCHEZ, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV 12-02103 JGB (JPRx)<br>*Honorable Jesus G. Bernal*<br><br>**ORDER RE STIPULATION REGARDING DOCUMENTS IN THE POSSESSION OF THE ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE**<br><br>Complaint Filed: December 5, 2012<br>Trial Date: February 11, 2014 |

**Having considered the stipulation of the Parties, and good cause appearing, this Court hereby ORDERS as follows:**

(1) The OCDA has been subpoenaed to produce certain documents that it contends are confidential. Plaintiff and Defendants agree that any material reflecting confidential information contained in those documents shall not be disclosed or permitted to be disclosed to anyone other than those individuals or entities bound by this Stipulated Protective Order (the "Protective Order").

(2) The Protective Order governs the treatment and handling of all confidential information and documents in the possession of the OCDA, including but not limited to, witness addresses, telephone numbers, identifying information such as social security numbers or employee identification numbers or status as confidential informants whether contained in written, recorded, electronic or graphic matter produced to the parties in this action (the "Confidential Information").

(3) All documents or information produced by the OCDA which are Confidential Information shall be produced by labeling such material "confidential" indicating that it is being produced pursuant to this Protective Order. The labeling of a document shall be placed on the document in a manner that will not interfere with its legibility. Labeling the document as confidential on the first page will be sufficient to include all pages of the document within the Protective Order, but if only portions of the document are confidential, the producing party or non party should so indicate. Labeling the outside of an electronic disc (CD or DVD or otherwise), audio recording, or a videotape as confidential will be sufficient to include all material included within the disc, audio recording, or videotape within this Protective Order.

(4) Material designated as confidential pursuant to the Protective Order shall be used by a party receiving such material solely for purposes of this litigation and for no other purpose. Under no circumstances shall the party receiving such material disclose it to persons other than the following:

 (A) Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

 (B) Stenographic employees, court reporters and videographers recording or transcribing testimony in this action;

 (C) The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

 (D) Any outside consultant or expert (and any employees thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

 (E) Any witness during a deposition in this action or during the trial of this action.

(5) Prior to the disclosure of any Confidential Information to any person identified in paragraph 4 (A), (B), (D), or (E) above, each such recipient of the Confidential Information shall be provided with a copy of the Protective Order. Upon reading the Protective Order, such person shall sign a Certification, the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms. The Plaintiff and/or Defendants shall retain all executed Certifications until the end of the instant litigation and shall provide a copy of the executed Certifications to the OCDA within ten (10) days of a written request. However, persons subject to Section 4 (C), and (E), may view any confidential information without having to sign the Certification as defined in this Section 5. The person shall also consent to the jurisdiction of the United States

District Court, Central District of California, for any issues that may arise out of the Protective Order.

(6) If Confidential Information is used, in any depositions taken in this matter, only those portions of the depositions that qualify for protection under the Federal Rules of Civil Procedure, Rule 26(c) should be designated for protection. The portion of the original transcript of the deposition, and all copies thereof, shall be stamped "Confidential." If any portions of the deposition transcript and/or video or audio versions of the depositions containing Confidential Information, or reference thereto, are filed with the Court, it shall be done in compliance with Paragraph (15) of the Protective Order.

(7) A copy of the Protective Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to the Protective Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, to any persons or entities other than counsel of record in the instant action. In the event there is any audio and/or video recorded of the deposition, the same procedure shall apply as described above for a deposition transcript.

(8) The provisions of this Protective Order, insofar as they restrict disclosure and use of material, shall be in effect until further order of this Court. Each respective party shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" information are given. The OCDA may request identities of said individuals upon the final termination of the litigation or if it is able to demonstrate a good faith basis that either the Plaintiff or Defendants, or an agent thereof, have breached the terms of

this Protective Order. The instant litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

(9)  No more than thirty (30) calendar days after the end of litigation (as defined infra in Paragraph 6) in the instant case, any person who has received the Confidential Information shall (a) destroy such documents and any copies thereof and provide written notification of such destruction to the producing party or (b) return such documents and any copies thereof to the OCDA.

(10)  Any privilege which would otherwise be applicable to the confidential material being produced is not waived by the production of such material, and all parties are free to object to the admissibility of such confidential material at trial on the grounds of any such privilege. Furthermore, this production will not bar the assertion of any such privilege at a later date with respect to similar or related materials. Further, neither this Order nor the designation of any item as confidential shall be construed as an admission that such material, or any testimony with respect to such material in a deposition or otherwise, would be admissible as evidence in this litigation or in any other proceeding.

(11)  Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order.

(12) No party nor their respective counsel, experts or other persons retained by them to assist in the preparation of this action shall under any circumstances sell, offer for sale, trade, barter, offer for trade or barter or give away, share, advertise or publicize any of the contents of the Confidential materials or the fact that the OCDA has produced such Confidential materials in this case.

(13) Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the OCDA so as to afford the OCDA an opportunity to obtain an order barring the production or other disclosure of Confidential Information. Upon receiving such notice, the OCDA shall bear the burden of opposing, if it deems appropriate the subpoena or request for production; however, the party receiving the subpoena shall bear the costs and the attorneys fees of the OCDA in the event the Receiving Party is still in possession of the materials after such time as the documents should have been returned or destroyed as detailed in Paragraph 9 infra.

(14) Any party may object to the propriety of the designation of Confidential Information by serving a written Objection to the designation in accordance with Local Rule 37-1. The objecting party must do so sufficiently in advance of the discovery cut-off date to permit compliance with Local Rule 37 in noticing a motion regarding the confidentiality designation for hearing prior to the discovery cut-off date. All subsequent proceedings related to such a challenge will be in accordance with Local Rule 37-1 and 37-2. The burden of proof to demonstrate confidential treatment of any information at all times shall remain with the OCDA.

(15) The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information:

> For all pretrial discovery and non-discovery related motions, memorandum of law, certification, exhibit annexed thereto that contained Confidential Information shall be filed in accordance with Local Rule 79-5 by placing the original and judge's copy of the document in sealed separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the matter prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying material being manually filed.

(16) All Confidential Information contained in documents used at trial and in all post-trial proceedings shall become public unless a separate court order is obtained upon noticed motion and sufficient cause shown. In that respect, nothing herein shall prejudice any parties' rights to object to the introduction of any Confidential Information into evidence, on grounds, including, but not limited to, relevance and privilege.

(17) Following the termination of this litigation, the provisions of this Protective Order relating to the confidentiality of Confidential documents and

information shall continue to be binding, except with respect to documents or information which are no longer Confidential pursuant to this Order. The Court retains jurisdiction over all persons provided access to confidential documents or information for enforcement of the provisions of the Protective Order following termination of the Action.

(18) No amendment or modification, as agreed to between the parties, shall have the force or effect of the Protective Order unless the Court approves it.

**IT IS SO ORDERED.**

Dated: August 12, 2013

_____
Honorable JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, *Galvan v. City of La Habra*, Case No. SACV 12-2103 JGB (JPRx), and hereby agree to comply with and be bound by the terms and conditions of the said Protective Order with respect to the handling, use and disclosure of each Confidential document produced by the OCDA's Office. I hereby consent to the jurisdiction of said Court for purposes of enforcing this non-disclosure Protective Order.

Dated: _____    Signature: _____

                                                               Print Name: _____

9
ORDER